UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

MARKEITH GIVENS,

                                                     Plaintiff,

                    -against-

CITY OF NEW YORK, OSTENDE ALVARADO, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                                     Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

        Plaintiff MARKEITH GIVENS, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff MARKEITH GIVENS is a thirty-eight year old African American resident of the State of New York, Bronx County.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, OSTENDE ALVARADO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On December 2, 2012 at approximately 7:00 to 8:00 p.m., on the public sidewalk in the vicinity of 144th Street and 3rd Avenue, Bronx, New York, defendant NYPD officers OSTENDE ALVARADO, along with other John Doe NYPD officers, beat plaintiff MARKEITH GIVENS without justification and unlawfully arrested him.

13.     At the aforementioned date and time, plaintiff was waiting for his friends to finish shopping inside a bodega.

14.     When plaintiff's friends exited the bodega, they were approached by two defendant NYPD officers.

15.     A van thereafter pulled up to the location and a third defendant NYPD officer exited the van.

16.     Although plaintiff had committed no crimes or offenses, the third officer who exited the van approached plaintiff, grabbed him, threw him against a wall, and slammed him to the ground.

17.     As a result of the above referenced actions, plaintiff sustained a laceration to his right eyebrow, which began to actively bleed, and pain to his right leg.

18.     While plaintiff was on the ground, approximately two defendant officers participated in handcuffing plaintiff.

19.     Plaintiff was then imprisoned in a police van and transported to the 40th Police Precinct and imprisoned therein.

20.     Plaintiff was transported from the 40th precinct by ambulance while in police custody to Lincoln Medical and Mental Health Center for medical treatment for injuries sustained as a result of the defendant officers' use of excessive force.

3

21.     The defendant officers continued to imprison plaintiff until December 3, 2012, when plaintiff was arraigned in Bronx County Supreme Court – Criminal Term on baseless charges filed under docket number 2012BX068601; said charges having been filed based on the false allegations of the defendant officers.

22.     The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above described abuses of authority.

23.     Defendant police officers created and manufactured false evidence which defendant OSTENDE ALVARADO conveyed to the Bronx County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding.   Specifically, defendant OSTENDE ALVARADO swore to false allegations that plaintiff obstructed governmental administration and resisted arrest, false claims which formed the basis of the criminal charges filed against plaintiff.

24.     As a result of the defendants' conduct, plaintiff was compelled to return to court on approximately twenty-three occasions over a nearly three year period, until June 22, 2015, when on the eve of trial, the Bronx County District Attorney's Office dismissed all charges against plaintiff.

25.     Defendants OSTENDE ALVARADO and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

26.     All of the above occurred as a direct result of the unconstitutional policies,

4

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

27.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

28.    For instance, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Senior United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

5

maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff MARKEITH GIVENS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff MARKEITH GIVENS sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendant officers arrested plaintiff MARKEITH GIVENS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.    Defendant officers caused plaintiff MARKEITH GIVENS to be falsely arrested and unlawfully imprisoned.

39.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff MARKEITH GIVENS' constitutional rights.

42.    As a result of the aforementioned conduct of the defendant officers, plaintiff MARKEITH GIVENS was subjected to excessive force and sustained serious physical injuries and emotional distress.

43.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Officers)

44.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    Defendant OSTENDE ALVARADO issued criminal process against plaintiff MARKEITH GIVENS by causing his arrest and prosecution in criminal court.

46.    Defendant OSTENDE ALVARADO caused plaintiff MARKEITH GIVENS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

47.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983 against Defendant Officers)

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARKEITH GIVENS.

50.    Defendants caused plaintiff MARKEITH GIVENS to be prosecuted without any probable cause until the charges were dismissed on or about June 22, 2015.

51.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendant officers created false evidence against plaintiff MARKEITH GIVENS.

54.     Defendant OSTENDE ALVARADO utilized this false evidence against plaintiff MARKEITH GIVENS in legal proceedings.

55.     As a result of defendants' creation and use of false evidence, which defendant OSTENDE ALVARADO conveyed to the Bronx County District Attorney's Office plaintiff MARKEITH GIVENS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

56.     As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARKEITH GIVENS, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiff MARKEITH GIVENS was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

61.     As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law,

10

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARKEITH GIVENS'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARKEITH GIVENS.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARKEITH GIVENS as alleged herein.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARKEITH GIVENS as alleged herein.

71.     As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff MARKEITH GIVENS was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

72.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARKEITH GIVENS'S constitutional rights.

73.    All of the foregoing acts by defendants deprived plaintiff MARKEITH GIVENS of federally protected rights, including, but not limited to, the right:

> A.    To be free from false arrest/unlawful imprisonment;
>
> B.    To be free from excessive force;
>
> C.    To be free from malicious prosecution;
>
> D.    To receive a fair trial; and
>
> E.    To be free from the failure to intervene.

74.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77.    The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (Malicious Prosecution under the laws of the State of New York)

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff MARKEITH GIVENS.

83.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

84.    Defendants caused plaintiff MARKEITH GIVENS to be prosecuted without probable cause until the charges were dismissed on or about June 22, 2015.

85.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff MARKEITH GIVENS.

88.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89.     As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

92.     As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

93.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95.    Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

96.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

99.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARKEITH GIVENS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 21, 2015

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff MARKEITH GIVENS
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: _____
>      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARKEITH GIVENS,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, OSTENDE ALVARADO, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132